UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| | § | No. 3:14-CR-183-M |
| v. | § | |
| | § | |
| CHRISTOPHER STEPHEN MARTIN, | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Christopher Martin's Motion to Reconsider Motion to Withdraw Guilty Plea and Motion for Evidentiary Hearing [Docket Entry #89]. For the reasons stated below, both motions are **DENIED**.

I.   FACTUAL BACKGROUND

Defendant Christopher Martin ("Defendant") was charged with one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). On May 30, 2014, Defendant made his initial appearance, and Assistant Public Defender John Nicholson was appointed to represent Defendant. On June 19, 2014, Nicholson filed a motion to withdraw, which was granted. On June 25, 2014, the Court appointed Phillip Umphres to represent the Defendant, and also granted Defendant's Unopposed Motion to Continue the Trial Date.

On October 15, 2014, the Court heard evidence on two motions filed by Defendant: Defendant's Motion to Suppress Search Warrant, and Defendant's Motion to Suppress the Testimony of Andrew Lozano. The Court denied both motions. On Friday, October 17, 2014, with trial scheduled for October 20, 2014, Defendant filed his Second Motion to Continue the Trial Date, on grounds that he had lost confidence in his attorney and wished to either retain new

1

counsel or represent himself at trial. The Government opposed the Motion.

The Court heard argument on the Second Motion to Continue the Trial Date on the morning of October 20, 2014. Defendant's primary argument was that when he refused to accept the Government's plea offer, he believed certain exculpatory evidence existed, but had only recently discovered that it did not exist. Defendant stated he believed he would be able to present at trial the results of a negative gunshot residue test ("GSR") on Ricardo Gonzales, who was present when Defendant allegedly fired the gun that was basis of the charge against him. Defendant's attorney apparently discovered days before the trial date that although the police had taken a swab from Gonzales's hand, the police had seemingly never run the GSR test. Defendant's attorney stated, outside the presence of the Government, that he did not request that the swab be tested, for the tactical reason that the result might come back positive and thereby harm the Defendant's case.

After argument, the Court denied Defendant's Second Motion to Continue. The Defendant requested the opportunity to reenter plea negotiations with the Government. The Court recessed so he could do so. The parties negotiated and reached a plea deal, and the Court then took Defendant's guilty plea.

## II. LEGAL STANDARD

### A. Motion for Reconsideration

"A motion for reconsideration in the criminal context is a creation of caselaw, not the federal rules." *United States v. McElhaney*, 3:03-CR-370, 2005 WL 3215547, at *1 (N.D. Tex. Nov. 29, 2005) (Lindsay, J.) (citing *United States v. Brewer*, 60 F.3d 1142, 1144 (5th Cir.1995)). The decision to reconsider an order in a criminal case is within the Court's discretion. *United*

*States v. Scott*, 524 F.2d 465, 467 (5th Cir. 1975).

### B. Motion to Withdraw Guilty Plea

The standard for determining whether or not a defendant may withdraw his guilty plea prior to sentencing is whether "for any reason the granting of the privilege seems fair and just." *United States v. Carr*, 740 F.2d 339, 343 (5th Cir. 1984). The defendant has the burden to show a fair and just reason to withdraw the plea. *United States v. Powell*, 354 F.3d 362, 370 (5th Cir. 2003). The Court considers seven factors in determining whether the defendant has met his burden: "(1) whether or not the defendant has asserted his innocence; (2) whether or not the government would suffer prejudice if the withdrawal motion were granted; (3) whether or not the defendant has delayed in filing his withdrawal motion; (4) whether or not the withdrawal would substantially inconvenience the court; (5) whether or not close assistance of counsel was available; (6) whether or not the original plea was knowing and voluntary; and (7) whether or not the withdrawal would waste judicial resources; and, as applicable, the reason why defenses advanced later were not proffered at the time of the original pleading, or the reasons why a defendant delayed in making his withdrawal motion." *Carr*, 740 F.2d at 343-344. The Court is not required to make findings on each of these factors; rather, its decision may be made based on the totality of the circumstances. *Powell*, 354 F.3d at 370.

### C. Motion for Evidentiary Hearing

"Although defendants are not entitled to an evidentiary hearing, a hearing is required 'when the defendant alleges sufficient facts which, if proven, would justify relief.'" *Powell*, 354 F.3d at 370 (5th Cir. 2003) (quoting *United States v. Mergist*, 738 F.2d 645, 648 (5th Cir.1984)).

3

### III.   ANALYSIS

Application of the *Carr* factors to the totality of the circumstances does not cause the Court to conclude that it should reconsider its decision not to permit the Defendant to withdraw his plea.  The Court will, however, address specifically the Defendant's contention that the Court impinged upon the "absolute prohibition on all forms of judicial participation in or interference with the plea negotiation process," and that the Defendant's plea was thus not voluntary.  *United States v. Hemphill*, 748 F.3d 666, 672 (5th Cir. 2014).

When the Defendant stated that he "denied a plea bargain thinking that this test was negative," the Court responded as follows:

> If you want to talk to the Government about your situation, you can still do so, but if this is the only basis for your moving for a continuance, I'm not going to grant it. . . . So if your sole purpose for requesting a continuance is because you didn't have an opportunity to make a plea with the Government because you were under the impression there was some favorable evidence there that is in fact not available, you can talk to the Government now. And if you do that, I will encourage the Government to consider, although the Government is not obligated to, give you credit for acceptance of responsibility. I'm not encouraging you to plead. I don't have an interest in whether you do or don't. I control two of the three points of acceptance of responsibility. The Government controls the third. And if you were to plead today under these circumstances, I would give you the two points for acceptance. It would be up to the Government about the third. But that's up to you. You can talk to them if you want. If you have any other basis for your motion for continuance, you need to assert it now.

Trs. at 10-11.  Defendant next argued that the Court should appoint Defendant a new attorney, and continue the trial date.  The Court denied the request, and explained, "So we're going to go ahead with the trial. And you're either going to have Mr. Umphres as your lawyer, or if you convince me that you should be able to go forward on your own, then you'll go forward on your own, against my very strong advice to you." Trs. At 13.  The Court then asked Defendant, "So do you want to go forward with Mr. Umphres [at trial] under those circumstances?"  Trs. at 13.  Defendant responded, "Can I ask [Mr. Umphres] if he'll talk to the Government about the plea

deal that I was given before?" Trs. at 13. In response to this question, the Court recessed so Mr. Umphres could negotiate with the Government on the Defendant's behalf. The plea negotiations occurred entirely outside the presence of the Court, and the Court has no knowledge of how the negotiated plea compared to any earlier offer. The Defendant's argument that the Court participated in the plea negotiation is without foundation.

After being advised that the defense and the Government had reached an agreement, the Court rearraigned the Defendant. The Court asked the Defendant, "have you, in making that decision, had a fair opportunity to think about it and to talk with your attorney about it?" Defendant answered yes. After being sworn in and being advised of the penalties of perjury, Defendant answered a series of questions posed by the Court to confirm that Defendant's guilty plea was knowing and voluntary. Trs. at 15-31. When the Court asked, "Did you enter into the plea agreement voluntarily and of your own free will," the Defendant answered "yes." Trs. at 24. When the Court asked "Do you have any basis of any kind to claim that your waiver of your right to appeal is not voluntary?," and "Do you have any basis for claiming that Mr. Umphres has been ineffective in representing you?" the Defendant answered "No" to both questions. Trs. at 26-27. The Court accepted Defendant's plea, and specifically found the Defendant "fully competent and capable of entering an informed plea and that his plea of guilty to Count 1 of [the] indictment is knowing and voluntary." Trs. at 29. The Court observed the Defendant personally, and he was calm, collected, articulate, and fully attentive and responsive to the Court's questioning.

The Court **DENIES** the Motion to Reconsider and **DENIES** the Motion for an Evidentiary Hearing, because even assuming the Defendant would present evidence of what he

claims, the Court would not reconsider and grant Defendant permission to withdraw his plea. *See United States v. Powell*, 354 F.3d 362, 370 (5th Cir. 2003).

    **SO ORDERED**.

May 22, 2015.

                                                **BARBARA M. G. LYNN**
                                                **UNITED STATES DISTRICT JUDGE**
                                                **NORTHERN DISTRICT OF TEXAS**